| | |
|---|---|
| **In re**<br><br>**HOLLEY PERFORMANCE PRODUCTS INC., et al.,**[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-10256 (PJW)<br><br>(Jointly Administered)<br><br>Related Docket No. 4 |

## INTERIM ORDER AUTHORIZING THE DEBTORS TO PAY PREPETITION CLAIMS AS THEY BECOME DUE

Upon the motion (the "Motion")[2] of Holley Performance Products Inc., on behalf of itself and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), for an order (this "Order") authorizing, but not directing, the Debtors to pay Payable Claims consistent with their prepetition terms and in the ordinary course of business; and upon the Affidavit of Thomas W. Tomlinson in Support of Chapter 11 Petitions and First Day Motions and Applications, sworn to on February 9, 2008; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given in the circumstances and

---

[1] The Debtors are the following entities: Holley Performance Products Inc., a Delaware corporation (EIN XX-XXX1482); KHPP Holdings, Inc., a Delaware corporation (EIN XX-XXX3923); Nitrous Oxide Systems, Inc., a Delaware Corporation (EIN XX-XXX0663); Weiand Automotive Industries, Inc., a Delaware corporation (EIN XX-XXX6699); and Holley Performance Systems, Inc., a Delaware Corporation (EIN XX-XXX8014). The Debtors' address is 1801 Russellville Road, Bowling Green, Kentucky 42101.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The relief granted herein is subject to entry of a final order.

3. Pursuant to Federal Rule of Bankruptcy Procedure 6003(b), payment of the amounts sought in the Motion are necessary to avoid immediate and irreparable harm to the Debtors.

4. Pursuant to sections 105(a), 363(b), and 1107(a) of the Bankruptcy Code, the Debtors are authorized, but not directed, in their sole discretion and as they deem necessary, to pay Payable Claims consistent with their prepetition terms (without regard to any purported acceleration arising as a result of the commencement of these chapter 11 cases).

5. The Debtors are authorized to condition any payments made pursuant to this Order on the agreement of an Affected Supplier to continue providing goods and/or services to the Debtors on Customary Trade Terms or such other terms as are agreed to by the Debtors and such supplier.

6. If an Affected Supplier ceases to honor Customary Trade Terms or such other terms as are agreed with the Debtors, the payment received by such supplier pursuant to this Order shall be deemed an avoidable postpetition transfer under section 549 of the Bankruptcy Code and shall be recoverable by the Debtors in cash upon written request. Upon any such recovery (a "Disgorgement"), the claim for which such payment initially was made shall be reinstated as a prepetition claim in the amount so recovered, subject to objection by the Debtors and other parties-in-interest and the claims allowance process.

#9287487 v3

7. The Debtors hereby are authorized to compel a Disgorgement by motion in this Court.

8. The Debtors are authorized to reissue Checks, wire transfers, automated clearing house payments, Electronic Transfers requests, or other similar methods of payment for prepetition payments approved by this Court in this Order where such method of payment has been dishonored postpetition.

9. All banks and other financial institutions on which Checks were drawn or Electronic Transfers requests were made in connection with the payment of the prepetition obligations approved in this Order are authorized and directed to (i) receive, process, honor, and pay all such Checks and Electronic Transfers when presented for payment (assuming that sufficient funds are then available in the Debtors' bank accounts to cover such payments) and (ii) rely on the Debtors' designation of any particular Check or Electronic Transfer request as approved by this Order.

10. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

11. The total payments made by the Debtors pursuant to this Order shall not exceed $ 4 million          .

12. Notwithstanding the relief granted in this Order, any payment made by the Debtors pursuant to the authority granted herein shall be subject to the orders authorizing the debtor-in-possession financing and the Budget as defined therein.

13. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' right to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that

-3-

#9287487 v3

any particular claim is of a type specified or defined in this Order or the Motion; (v) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (vi) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

14. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall create, nor is intended to create, any rights in favor of, or enhance the status of, any claim held by any person or entity.

15. Nothing in this Order shall be deemed either a grant of administrative expense priority status to, or authority to pay, any amounts that are disputed by the Debtors.

16. Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

17. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and enforcement of this Order.

Dated: Feb 12, 2008
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE

18. The Debtors shall file a declaration of Thomas W. Tomlinson attaching a list of trade payables to be paid pursuant to this Order.

-4-

#9287487 v3